UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re:<br><br>Betty Lou Danley,<br><br><br><br><br>Debtor. | Chapter 7<br><br>Case No. 24-12508<br><br>TRUSTEE'S OBJECTION TO EXEMPTIONS |

### I. TRUSTEE'S OBJECTON TO EXEMPTIONS

The trustee objects to the debtor's claim of exemptions as it pertains to the "House Residence" and "Co-Op Property" as set forth in schedule C (ECF Dkt. #1), copy attached as Exhibit 1.

First, the debtor is not entitled to claim two homestead exemptions under either the federal or Washington State exemption statutes.

Second, 11 U.S.C. §522(b)(2) does not specifically provide for a homestead exemptions in either property.

Third, claiming a 100% interest in an asset as exempt does not allow a debtor to "walk away" with the asset itself and potentially benefit from any post-petition appreciation of it. On the official Schedule C form, the debtor checked the box that would ostensibly exempt from the bankruptcy estate "100% of fair market value, up to any applicable statutory limit" for the two listed properties. Official Form, Schedule C, is problematic because it goes far beyond the written words of any federal or Washington State exemption statute. It therefore is illegal. The Advisory Committee went beyond its authority when it drafted the language the "100% of fair market value, up to any applicable statutory

TRUSTEE'S OBJECTION TO EXEMPTIONS - 1

MICHAEL P. KLEIN
Chapter 7 Trustee
330 Madison Ave. S., Suite 110
Bainbridge Island, WA 98110
(206) 842-3638

limit." "On December 1, 2015, the Advisory Committee on Bankruptcy Rules adopted a new Schedule C form. This form allows … debtors, by checking the appropriate box on the form in the column titled " Amount of the exemption you claim," to exempt from the bankruptcy estate " 100% of fair market value, up to any applicable statutory limit" of certain property." In re Ayobami, 879 F.3d 152, 153 (5th Cir. 2018). When Schedule C was amended and adopted to include the added language, it was ostensibly intended to operate as a rule because the use of Official Bankruptcy Forms is required by Fed.R.Bankr.P. 9009. Apparently, it was adopted in part after the Supreme Court made it's decision in Schwab v. Reilly, __ U.S. __, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010)[1]. However, the Rules Enabling Act expressly provides that rules prescribed by the Supreme Court to govern bankruptcy practice "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. That is exactly what the aforementioned language is attempting to do to RCW 6.13.010 and 11 U.S.C. § 522(d)(1). If a rule abridges, enlarges or modifies the rules of decision by which a court will adjudicate a litigant's rights, it is an impermissible "substantive" rule, and "is the very evil against which the Rules Enabling Act's caveat is directed." In re Greene, 223 F.3d 1064, 1071 (9th Cir. 2000). To the extent that any rule abridges, enlarges or modifies a substantive right, it is unlawful. Id. at 1072; see also In re Nat'l Store Fixture Co., 37 B.R. 481, 488 (Bankr. W.D. Mo. 1984) ("There is no authority to promulgate a rule which . . . exceeds the narrow mandate set out in Section 2075.").

The Fifth Circuit has expressed the opinion that the Bankruptcy Code does not necessarily entitle the debtor to clear title if the debtor claims an exemption and it goes unchallenged. The Fifth Circuit observed:

> [W]e note that the Supreme Court has found " questionable" whether " a claim to exempt the full value of the equipment would, if unopposed, entitle [the debtor] to the equipment itself as opposed to a payment equal to the equipment's full value," explaining: Section 541 is clear that

---

[1] As noted by the Third Circuit, however, the comments by the Supreme Court regarding the 100% language is dicta. In re Orton, 687 F.3d 612, 618fn1 (3rd Cir. 2012).

TRUSTEE'S OBJECTION TO EXEMPTIONS - 2

MICHAEL P. KLEIN
Chapter 7 Trustee
330 Madison Ave. S., Suite 110
Bainbridge Island, WA 98110
(206) 842-3638

title to the equipment passed to [the debtor's] estate at the commencement of her case, and § § 522(d)(5) and (6) are equally clear that her reclamation right is limited to exempting an interest in the equipment, not the equipment itself. Accordingly, it is far from obvious that the Code would " entitle" [the debtor] to clear title in the equipment even if she claimed as exempt a " full" or " 100%" interest in it....

<u>Ayobami</u> at 154 – 155. The only statute that allows the debtor to remove property from the estate is the abandonment statute, 11 U.S.C. §554. It provides for mechanisms for the debtor to "walk away" with the asset itself and potentially benefit from any post-petition appreciation.

The debtor may only claim a sum certain as exempt. The 100% language does not comport with the Washington State exemption statutes, including for example RCW 6.13.030. Nowhere in the federal or Washington state statute does it state by claiming"100% of fair market value, up to any applicable statutory limit" and, therefore, it is fully exempt. The Third Circuit in <u>In re Orton</u>, 687 F.3d 612, 618fn1 (3rd Cir. 2012) has found the 100% of FMV language to be improper:

> The few courts addressing the effect of claiming as exempt " 100% of FMV" of an asset (or similar words) have held that using these phrases either renders the attempted exemption facially defective or invites an evidentiary hearing to determine the fair market value of the asset so that a dollar amount can be assigned to the exemption. They reason that " where the statutory basis for a debtor's claim of exemption provides only for an exemption of an interest in certain property up to a specific dollar amount, the ' value of claimed exemption' must be identified as a monetary value." In re Luckham, 464 B.R. 67, 77 (Bankr.D.Mass.2012); see also Massey v. Pappalardo, 465 B.R. 720 (B.A.P. 1st Cir.2012); In re Stoney, 445 B.R. 543, 552 (Bankr.E.D.Va.2011); In re Moore, 442 B.R. 865, 868 (Bankr.N.D.Tex.2010). Thus, in claiming "100% of FMV," based on present interpretations of Schwab, a debtor most likely cannot exempt an asset that is not exemptible in kind such that it is removed from the bankruptcy estate, and only is entitled to exempt the fair market value of the asset as of the date of the petition up to the dollar limit of the relevant exemption.

As made clear by the Ninth Circuit:

> The homestead exemptions available to the debtors in both of these cases, however, do not permit the exemption of entire properties, but rather specific dollar amounts. Under 11 U.S.C. § 522(d)(1), the Chappells were entitled to exempt " [t]he debtor's aggregate interest, not to exceed [$36,900] in value, in real property." Similarly, the Arizona statute under which Gebhart claimed his exemption entitles a debtor to a homestead exemption " not exceeding one hundred thousand dollars in value." ARIZ. REV. STAT. § 33-1101. The Supreme Court recently clarified in Schwab v. Reilly (In re Reilly), __ U.S. __, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010), that

TRUSTEE'S OBJECTION TO EXEMPTIONS - 3

MICHAEL P. KLEIN
Chapter 7 Trustee
330 Madison Ave. S., Suite 110
Bainbridge Island, WA 98110
(206) 842-3638

exemptions claimed under statutes like these are limited to the dollar value claimed in the exemption. Even when a debtor claims an exemption in an amount that is equal to the full value of the property as stated in the petition and the trustee fails to object, the asset itself remains in the estate, at least if its value at the time of filing is in fact higher than the exemption amount. [4] Id. at 2661-62, 2666. Instead, what is removed from the estate is an " interest" in the property equal to the value of the exemption claimed at filing. Id. at 2660.[5]

In re Gebhart 621 F.3d 1206, 1210 (9th Cir. 2010); accord  In re Aarons, 2023 WL 3918393, at *8 (B.A.P. 9th Cir. June 8, 2023).

Finally, a homestead exemption claim by the Debtor does not remove the property or the Debtor's interest in a residence that is subject to deeds of trust.

### III. CONCLUSION

Wherefore, the debtor's claim of exemptions in the two parcels of real property should be denied.

DATED this  15th     day of January, 2025.

  /s/ Michael P. Klein_____
  Michael P. Klein
  Chapter 7 Trustee

### CERTIFICATE OF MAILING

I certify that on the ____15th_____ day of January, 2025 I mailed to the Debtor named above, at the address shown below by first class mail, postage pre-paid, a copy of this TRUSTEE'S OBJECTION TO EXEMPTIONS:

Betty Lou Danley
15200 11th Ave NE
Bothell, WA 98011

Betty Lou Danley
15200 111th Ave NE
Bothell, WA 98011

Dated:  January 15, 2025

  /s/Michael P. Klein_____
  Michael P. Klein
  Chapter 7 Trustee

TRUSTEE'S  OBJECTION TO EXEMPTIONS - 4

MICHAEL P. KLEIN
Chapter 7 Trustee
330 Madison Ave. S., Suite 110
Bainbridge Island, WA  98110
(206) 842-3638

Exhibit 1

Fill in this information to identify your case:

Debtor 1 _Betty_ _Lou_ _Dawley_
First Name        Middle Name        Last Name

Debtor 2 _____
(Spouse, if filing)   First Name    Middle Name    Last Name

United States Bankruptcy Court for the: _Western_ District of _Washington_

Case number _____
(if known)

☐ Check if this is an
amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt

04/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

| Part 1: | Identify the Property You Claim as Exempt |
| --- | --- |

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☐ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)
   ☒ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
| --- | --- | --- | --- |
| Brief description: _House Residence_<br>Line from *Schedule A/B*: _1.1_ | $ _800,000_ | ☐ $ _____<br>☒ 100% of fair market value, up to any applicable statutory limit | _11 USC-522-(b)(2)_ |
| Brief description: _Co-op Property_<br>Line from *Schedule A/B*: _1.2_ | $ _154,000_ | ☐ $ _____<br>☒ 100% of fair market value, up to any applicable statutory limit | _11 USC-522(b)(2)_ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |

3. **Are you claiming a homestead exemption of more than $170,350?**
   (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☒ No
   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
      ☐ No
      ☐ Yes

Case 24-12508-CMA    Doc 22    Filed 01/15/25    Ent. 01/15/25 20:07:28    Pg. 5 of 6

**Part 2:** **Additional Page**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |

Case 24-12508-CMA    Doc 22    Filed 01/15/25    Ent. 01/15/25 20:07:28    Pg. 6 of 6